# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **MELISSA CREDEUR** | **CIVIL ACTION NO. 07-0065** |
| VS. | JUDGE HAIK |
| JO ANNE BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION | MAGISTRATE JUDGE METHVIN |

### *RULING ON PETITION FOR ATTORNEY FEES AND EXPENSES*
### *PURSUANT TO EQUAL ACCESS TO JUSTICE ACT*
### *(Rec. Doc. 12)*

Before the court is the Petition for Attorney Fees and Litigation Expenses Under the Equal Access to Justice Act ("EAJA") filed by plaintiff, Melissa A. Credeur. The Commissioner does not oppose an award of fees but submits that a portion of the hours being claimed is excessive.[1]

Credeur seeks an award of $3,437.50, reflecting 27.5 hours at the rate of $125.00. In support of this request, Credeur's counsel, George S. Bourgeois, submitted a petition describing the services performed and the time billed in connection with each task.

---

[1] On October 10, 2003, Credeur applied for supplemental security income benefits, alleging she was disabled beginning March 30, 2001 due to affective and depressive disorders, bipolar syndrome, and asthma [Rec. Doc. 8, p.1, Tr. 95-06]. The application was denied initially, and an administrative hearing was held on January 18, 2006 [Tr. 395-466]. In an opinion dated March 27, 2006, the ALJ denied benefits on grounds that Credeur had the residual functional capacity to perform work that exists in a substantial number in the national economy [ Tr. 13-20]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner from which Credeur now appeals. On January 11, 2007, Credeur filed a complaint for judicial review with this Court. On March 18, 2008, the undersigned magistrate judge issued a report recommending that the Commissioner's decision be reversed and Credeur be awarded benefits [Rec. Doc. 10]. On April 23, 2008, the district judge entered judgment reversing the Commissioner's decision and awarded benefits [Rec. Doc. 11].

## *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); Breaux v. United States Department of Health and Human Services, 20 F.3d 1324 (5th Cir. 1994). Since Credeur is a prevailing party, and the Commissioner does not oppose an award of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-due benefits recovered. 42 U.S.C. §§406(a), (b)(1). The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at 192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

### *Reasonable Hourly Rate*

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per

hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area has fluctuated between $100.00 and $125.00. <u>Mickey J. Comeaux v. Commissioner of Social Security</u>, No. 99-0691 (January 12, 2000) ($100); <u>Bonnie G. Duhon v. Commissioner of Social Security</u>, No. 98-1883 (June 29, 1999) ($100); <u>Randy P. Bertrand v. Commissioner of Social Security</u>, No. 98-1220 (June 2, 1999) ($100); <u>Joseph Provost v. Commissioner of Social Security</u>, No. 99-1136 (July 7, 2000) ($125); <u>Rhonda G. Huval v.Commissioner of Social Security</u>, No. 99-1056 ($125).

Based on the foregoing, I therefore conclude that the $125.00 per hour fee requested by plaintiff is an appropriate hourly fee.

### *Reasonable Hours Expended*

A review of the affidavit shows that plaintiff's counsel billed a total of 4.75 for preparation and filing of the complaint,[2] and 8.5 hours in connection with his EAJA motion. The total amount billed for the complaint and EAJA memorandum is 13.25 hours.

The Commissioner seeks a reduction of this amount to a total of 2.5 hours, asserting that the time spent was excessive. The Commissioner submits a copy of the complaint and EAJA memorandum in a similar case, <u>Beringer v. Barnhart</u>, No. 06-0804 (May 15, 2006) in which the plaintiff was represented by Credeur's counsel. In that case, counsel spent 3.80 hours for the complaint and 5.5 hours to prepare the EAJA memorandum. Because counsel made only minor

---

[2] The affidavit shows billing dates on December 20, 2006 (1.75 hours), December 29, 2006 (1.0 hours), and January 8, 2007 (2.0 hours) for a total of 4.75 hours in connection with the filing of the complaint.

changes from *these* pleadings, the Commissioner argues that plaintiff has not shown that the time requested in this case is reasonable and proposes the reduction to 2.5 hours.

Plaintiff's counsel admits that previous work accomplished can be of assistance in later filed cases but is not simply a matter of completing a form. Counsel points out that he is a solo practitioner with no paralegal, is constantly interrupted, and spends much time proof-reading secretarial work.

The drafting of a complaint and/or preparation of an EAJA motion is not a cookie-cutter matter of filing in the blanks on a form but requires a review of facts and law. The undersigned concludes that 4.75 hours for research, drafting and review of the complaint is not excessive. However, 8.5 hours for preparing the EAJA motion is excessive, and the court will reduce this time to 4.5 hours (a total reduction of 4 hours).

The Commissioner also objects that plaintiff has requested reimbursement for clerical work on January 2, 8, 16, and 30, 2007, which is not compensable under the EAJA. Counsel's affidavit shows the following entries, totaling 4.0 hours:

- January 2, 2007, .25 hours for "prepare correspondence to client"

- January 8, 2007, 2.0 hours for multiple tasks, including "final preparation of complaint" and "correspondence to Clerk of Court transmitting same for filing"

- January 16, 2007, 1.5 hours for "preparation of correspondence to Attorney General Transmitting Complaint via certified mail; Preparation of correspondence to Commissioner of Social Security, c/o General counsel transmitting Complaint via certified mail; Preparation of Correspondence to U.S. Attorney for the Western District transmitting Complaint via certified mail."

- January 30, 2007, .25 hours for "prepare correspondence to clerk forwarding return receipt."

Attorney time may not be billed for clerical tasks. *See* <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989), *citing* <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717 (5th Cir. 1974). However, it is not clear that all of the time objected to is purely clerical in nature. Drafting correspondence such as a routine cover letter is presumably of a clerical nature and can be done by a secretary, but drafting correspondence with substantive information is not. There is no way to tell conclusively from the affidavit the nature of each of the tasks. Furthermore, the entry for January 8 clearly includes attorney tasks. Considering the foregoing, the court finds that a reduction of 1 hour of the disputed 4.0 hours is reasonable.

### *<u>Johnson Analysis</u>*

The next step requires that the court analyze the twelve <u>Johnson</u> factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow: (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: similar issues in this case have been previously addressed by this court; (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently; (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases; (5) Customary fee: as previously discussed, decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area is the generally accepted fee of $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case; (6) Fixed or contingent fee: this case was billed on

an hourly basis; thus, this factor does not justify adjustment;[3] (7) Time limitations: no evidence was adduced on this point;[4] (8) The time involved and the results obtained: this matter was resolved approximately a little over a year after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. Walker, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: the undersigned notes that counsel presented valid arguments which resulted in the matter being reversed; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. City of Burlington, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

For the foregoing reasons,

**IT IS ORDERED** that the Petition for Attorney's Fees and Expenses is **GRANTED**; however the amount of hours requested will be reduced by a total of five hours from 27.50 hours to 22.50 hours at the rate of $125 per hour.

**IT IS FURTHER ORDERED** that the sum of $2,812.50 is awarded to Credeur as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check

---

[3] In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[4] The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.

payable to George S. Bourgeois in the amount of $2,812.50 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, on November 6, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)